UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY O. MATTHEWS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3595** |
| **IHOP, ET AL** | **SECTION B(5)** |

### ORDER AND REASONS

Before the Court are Defendant Jamal and Kamal, Inc.'s Motion to Dismiss or Alternatively to Quash Service (Rec. Doc. No. 15) and Plaintiffs' Motion for Extension of Time to Serve (Rec. Doc. No. 28). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash (Rec. Doc. No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Time to Serve Defendant Jamal and Kamal, Inc. (Rec. Doc. No. 28) is **GRANTED,** and Plaintiffs are hereby granted an additional fifteen (15) days from the signing of this Order to perfect proper service of process upon Jamal and Kamal, Inc.

### BACKGROUND

Plaintiffs Bobby Matthews, Barbara McGee, Judy Dowdell, and

1

Tina McGivney filed the subject action on May 29, 2008.  In their complaint, they alleged that Defendant Jamal and Kamal, Inc. owned, operated, or franchised an IHOP Restaurant located at 325 North Highway 190 Covington, Louisiana.  Defendants employed Ahab Mohamed ("Mohamed") as the manager of the IHOP Restaurant.  Plaintiffs contend that Mohamed engaged in "a pattern and practice of racial discrimination toward African Americans, gender discrimination against females, ... sexual harassment of females, and age discrimination."  (Rec. Doc. No. 1 at 5).

Plaintiffs assert that the IHOP Restaurant is owned and operated by Jamal and Kamal, Inc.  According to a "Corporations Database" maintained by the Secretary of State of Louisiana, Kamal Sbih is the Co-Director and registered agent for service for Jamal and Kamal, Inc.  Kamal Sbih is domiciled at 266 Meadows Boulevard, Slidell, Louisiana 70460.  Plaintiffs filed the subject action on May 29, 2008, and served or attempted service upon all defendants, except Jamal Hamidek, on or about June 18, 2008.

Plaintiffs attempted service upon Jamal and Kamal, Inc. by serving Rihab Sbih, the wife of Kamal Sbih, at the Slidell residence of Kamal Sbih on June 18, 2008.  Defendant filed this Motion to Dismiss or Alternatively to Quash Service of Process contending that service upon Rihab Sbih is improper and insufficient for service upon Jamal and Kamal, Inc. because Rihab Sbih is not the registered agent of Jamal and Kamal, Inc. and is

2

not otherwise authorized to receive service of process on behalf of Jamal and Kamal, Inc.  While awaiting the Court's decision regarding Defendant's motion, Plaintiffs filed a Motion for Extension of Time to Serve Jamal and Kamal, Inc.

**DISCUSSION**

A.  Standard of Review

The Federal Rules of Civil Procedure specify that a corporation must be served either by "following state law for serving a summons . . . in the state where the district court is located or where service is made" or "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and if the statute so requires - by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(e) & (h).

La. Code of Civ. Proc. art 1261(A) states, "Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process." Under Louisiana law, "[p]ersonal service is made when a proper officer tenders the citation or other process to the person to be served."  La. Code of Civ. Proc. art 1232.  Service on a corporation can also be accomplished in compliance with Louisiana law "by personal service on any employee of suitable age and discretion at any place where the business of the corporation is

3

regularly conducted" if "the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent." La. Code Civ. Proc. art 1261(B)(2).

B. Sufficiency of Service

on June 18, 2008, a copy of the summons and complaint was "served" at Kamal Sbih's dwelling, 266 Meadows Boulevard, Slidell, Louisiana, with Defendant Kamal Sbih's wife, Rihab Sbih, a person "of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B); see also La. Code of Civ. Proc. art 1231, 1234. The issue is whether such service is sufficient for personal service on Defendant Kamal Sbih as the registered agent for Jamal and Kamal, Inc. and thus sufficient for service upon Jamal and Kamal, Inc. as specified in La. Code Civ. Proc. art 1261(A). The Court must examine whether service was achieved in accordance with Louisiana law. See Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

Plaintiffs assert an argument under La. Code Civ. Proc art 1261(B): "if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made ...(2)[b]y personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted." (Rec. Doc. No. 23 at 2). Plaintiffs assert that Jamal and Kamal, Inc. regularly conducts business at the Slidell domiciliary address of Kamal Sbih and that service was proper

4

because Rihab Sbih is "a person of suitable age and discretion." This argument fails for at least two reasons. First, Plaintiffs provide no evidence that the business of Jamal and Kamal, Inc. is regularly conducted at Kamal Sbih's Slidell home. Second, La. Code Civ. Proc. art 1261(B)(2) states that the service must be on an employee. Plaintiffs neither alleged nor provide proof that Rihab Sbih is an employee of Jamal and Kamal, Inc.

Based on the plain language of La. Code Civ. Proc. art 1261(A), personal service, as opposed to domiciliary service, must be made upon the corporation's designated agent in order to achieve service on the corporation. Additionally, Louisiana "jurisprudence has consistently interpreted La. Code Civ. P. art 1261 to prohibit domiciliary service on a corporation," and Louisiana's appellate courts have specifically ruled that "service upon the wife of a corporation's agent at the agent's residence is insufficient." *Whitehurst v. A-1 Affordable Siding, Inc.*, 953 So. 2d 111, 114 (La. App. 3 Cir. 3/7/07) (*citing Murdock v. Brittco, Inc.*, 517 So. 2d 898 (La. App. 3 Cir. 1987); *Rue v. Messmer*, 332 So. 2d 591 (La. App. 4 Cir. 1976),*writ denied*, 337 So. 2d 525 (La. 1976); and *Gamble v. Carter*, 378 So. 2d 185 (La. App. 1 Cir. 1979). Therefore, service upon Rihab Sbih is insufficient for service on Jamal and Kamal, Inc.

C.  Extension of Time to Serve

Pursuant to Rule 4(m) of the Federal Rules of Civil

Procedure, Plaintiff is allowed 120 days from the date of filing the complaint to effect service.  If service is not effected within that time, "the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time; [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  The Fifth Circuit has interpreted this rule "to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (5th Cir. 1995); *see also Moy v. Time Warner Cable Co.*, 2005 WL 1936338, at *2 (5th Cir. 2005).

Plaintiffs filed the complaint on May 29, 2008; thus Plaintiffs were required to serve Defendant on or before September 26, 2008.  In their respective pleadings regarding the motion to dismiss/quash and the motion for an extension of time to serve, both parties mention the companion suit, *Bobby Matthews, et al v. International House of Pancakes, Inc., et al*, Civil Action No. 07-2869.  In reference to their diligent efforts to serve argument, Plaintiffs refer to an affirmation of Kamal Sbih in the companion suit "that no officer or agent of J and K may be found at 325 North Highway 190, Covington, La."[1] (Rec. Doc. No. 23 at 1).  Defendants

---

[1] 325 North Highway 198, Covington, La is the physical address of the IHOP Plaintiffs allege is operated by Jamal and Kamal, Inc.  325 Highway 190, Covington, La is the address provided for registered agent Kamal Sbih on the Louisiana Secretary of State Corporations

6

note that the Court in the companion action dismissed Jamal and Kamal, Inc. without prejudice for insufficient service of process. (Rec. Doc. No. 30 at 2).[2]  In that case, Plaintiffs attempted service of process by serving the manager on duty at the IHOP.  The magistrate judge ruled such service insufficient, noting a lack of due diligence on the part of Plaintiffs as evidenced by attempted service of process on Defendant Jamal and Kamal, Inc. "exactly 120 days from when the Plaintiffs filed suit."  (Civil Action No. 07-2869, Rec. Doc. No. 38 at 7).  The magistrate judge also commented that Plaintiffs had not made any showing of good cause.  *Id*.

In the present case, Plaintiffs diligently attempted service on all defendants, except Jamal Hamidek, well before the 120 day deadline, serving or attempting to serve all defendants except Jamal Hamidek on or about June 18, 2008.  Defendant Jamal and Kamal, Inc. filed its motion contesting the service of process a full month later on August 18, 2008.  At that time, the 120 days had not yet expired; thus the Motion to Dismiss was premature. While the parties awaited the Court's decision regarding Defendant's motions to dismiss or quash, the 120 days expired and

---

Database Detailed Record for Jamal and Kamal, Inc.

[2]Note:  A dismissal without prejudice does not suspend or toll applicable statutory time limitations.  *Hawkins v. McHugh*, 46 F.3d 10 (5th Cir. 1995).  See also *Lambert v. U.S.*, 44 F.3d 296, 298 (5th Cir. 1995) (dismissal without prejudice leaves plaintiff "in the same position as if the first suit had never been filed"); *Johnson v. Carrier Corp.*, 264 F.3d 1141, 2001 WL 822679 (5th Cir. 2001).

Plaintiffs filed a Motion for extension of time to serve. In accordance with the Fifth Circuit's interpretation of Fed. R. Civ. P. 4(m), this Court has "discretion to dismiss or extend time absent a showing of good cause." Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No. 15) is **DENIED**, having found good cause for extending service deadlines.

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash (Rec. Doc. No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Time to Serve Defendant Jamal and Kamal, Inc. (Rec. Doc. No. 28) is **GRANTED,** and Plaintiffs are hereby granted an additional fifteen (15) days from the signing of this Order to perfect proper service of process upon Jamal and Kamal, Inc.

Plaintiffs are warned that future delays in complying with legal deadlines may again lead to dismissal of their claims or other sanctions.

New Orleans, Louisiana, this 4th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE