UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BOBBY O. MATTHEWS, ET AL**                                **CIVIL ACTION**

**VERSUS**                                                  **NO: 08-3595**

**IHOP, ET AL**                                             **SECTION: B(5)**

<u>ORDER AND REASONS</u>

Before the Court is Plaintiffs' Motion For Reconsideration of this Court's decision to grant Defendants' Motion for Judgment on the Pleadings or in the Alternative Partial Summary Judgment (Rec. Doc. No. 80). For reasons discussed during oral argument and for the following reasons, the Motion for Reconsideration (Rec. Doc. No. 80) is **GRANTED,** Plaintiffs Motion for Leave to file exhibits (Rec. Doc. No. 82) is **GRANTED**, and Defendants' underlying Motion for Judgment on the Pleadings or in the Alternative Partial Summary Judgment (Rec. Doc. No. 80) is **GRANTED** dismissing all claims against the Defendants in this action. Plaintiff should consider seeking relief from prior dismissal of lawsuit from the appropriate court in view of recent evidentiary findings. The Motion for Bill of Costs is **GRANTED** and after adjustment **IT IS ORDERED** that Plaintiff pay Defendant $10,000 in costs and attorney fees.

This Court granted Defendant's Motion for Judgment on the Pleadings or in the Alternative Partial Summary Judgment because Plaintiff failed to file an opposition or leave to continue the

hearing date in a timely manner and Plaintiff's motion had merit. Plaintiffs inform the Court in its motion for reconsideration they did oppose and tried to ask for leave for a Motion to Continue but it was marked deficient and by the time it was re-filed this Court had ruled. However, this Court's Order found that while Plaintiffs complained about their inability to depose key people and needed more time for discovery they failed to show diligence on their part by trying to seek judicial relief through a motion to compel, etc. (Rec. Doc. No. 79).

Plaintiffs were ordered to file a Motion for Reconsideration if any, within 30 days. Plaintiffs failed to comply with the Order (Rec. Doc. No. 77) and waited until the 31st day to file a motion for reconsideration. Defendants filed a Motion in Opposition (Rec. Doc. No. 84). In addition, Plaintiffs waited an additional two weeks past their allotted time to file attachments to the motion for reconsideration, and request for leave to attach exhibits to the Motion for Reconsideration (Rec. Doc. No. 82). Further, Defendants timely filed a Motion for costs incurred in connection with the motion, including attorneys fees in accordance with Federal Rules of Civil Procedure 16, 8 (Rec. Doc. No. 89). The Motion is opposed (Rec. Doc. No. 94).

**BACKGROUND**

Plaintiffs Bobby Matthews, Barbara McGee, Tina McGivney, and Judy Dowdell (Plaintiffs) have brought this suit against Defendant, International House of Pancakes, Inc., IHOP Franchising, LLC, IHOP Realty Corp., IHOP Properties, LLC (Collectively the IHOP Entities"), Jamal & Kamal, Inc. ("J&K") and Kamal Sibh ("Sibh"), alleging violation of their civil rights and state torts regarding their employment at an IHOP restaurant in Convington, Louisiana. The restaurant is operated by Sbih through his company J&K and pursuant to a Franchise agreement with IHOP. Plaintiffs Matthews and McGee assert claims for race discrimination under 42 USC § 1981 and conspiracy under 42 USC § 1985, Plaintiffs McGee, McGivney and Dowdell assert a claim for Title VII sex discrimination, Dowdell asserts a claim for age discrimination under the ADEA, and all plaintiffs assert claims for state law torts of battery, intentional infliction of emotional distress, defamation and abuse of right.

On or about May 14, 2007, Bobby Matthews and Barbara McGee filed suit alleging violations of Title VII, 42 USC §§ 1981 and 1985; McGee alleged Title VII sex discrimination and harassment claims; both alleged other state law violations arising out of their employment (Herein after "*IHOP I*"). After service was attempted on all defendants, and after Defendants were defaulted, Defendants Jamal and Kamal and J&K filed Motions to Quash and

3

Dismiss. Both motions were granted, and Jamal and Kamal and J & K were dismissed without prejudice on January 23, 2008. Plaintiffs therein continued to litigate against the remaining IHOP corporations. Neither Kamal Sbih nor the corporation Jamal and Kamal Inc. were thereafter parties to the 2007 lawsuit. A judgment dismissing with prejudice the claims of Matthews and McGee against the IHOP entities was filed on January 23, 2009. *Matthews v. International House of Pancakes, Inc.,* 597 F.Supp.2d 663 (E.D.la. 1/23/09), Civil Action 072869, Rec. Doc. No. 105.

Subsequently, plaintiffs filed the complaint in this case on May 29, 2008 (Herein after "*IHOP II*") which is essentially identical to the complaint in the prior suit. In the instant matter Matthews and McGee alleged violations of Title VII, 42 USC §§ 1981 and 1985; McGee and McGivney alleged Title VII sex discrimination and harassment claims; Judy Dowdell alleged violations of the Americans with Disabilities Act, following a finding of Discrimination by the EEOC; all Plaintiffs alleged other state law violations arising out of their employment. The only difference with the complaint in the prior suit are the addition of McGivney and Dowdell as plaintiffs, the removal of the Title VII race discrimination claim, and the addition of a claim for state law torts. Both complaints are centered on the allegation that plaintiffs were discriminated against during

4

their employment at the Convington, Louisiana IHOP restaurant by a former manager, Ahab Mohamed.

During the pendency of the instant action, Plaintiffs moved to consolidate the two actions. The Court in *IHOP I* denied consolidation, finding that the two suits "involved different parties and different claims." The 2007 action was between Matthews and McGee and the IHOP Defendants were later dismissed.

McGivney's EEOC records show that on April 12, 2007 her attorney faxed to the EEOC a Charge Questionnaire, charging Party Sexual Harassment Questionnaire, and Supplemental Intake Questionnaire. The EEOC Case Log indicates that the EEOC interviewed McGivney with her attorney on August 28, 2007. The Case Log also indicates that McGivney's Charge of Discrimination was "perfected" on October 4, 2007. The EEOC mailed a notice of right to sue to McGivney and her attorney on February 27, 2008. Dowdell's EEOC records show that she filed a perfected Charge of Discrimination on or about July 19, 2005. The EEOC mailed Dowdell and her attorney a notice of right to sue letter on February 19, 2008.

## DISCUSSION

**A. Judgment on the Pleadings or Alternatively Partial Summary Judgment Standard**

Defendants moved for judgment on the pleadings pursuant to Rule 12(c), rather than for dismissal for failure to state a

claim under Rule 12(b)(6).  However, the Fifth Circuit has recently noted that "Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).  A motion for judgment on the pleadings is designed to dispose of cases where the material facts are not disputed, and a judgment on the merits of the claims can be rendered by examination of the substance of the pleadings.  *Id*.  For purposes of this motion, the Court accepts the well-pleaded facts as true, but it does not accept conclusory allegations or legal conclusions masquerading as factual conclusions as sufficient to defeat the motion.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2002); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986).  Although the Court must consider the evidence

with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.     Res Judicata**

In *Nilsen v. City of Moss Point, Mississippi,* 701 F.2d 556 (5th Cir.1983), cert. denied 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137, reh. denied 423 U.S. 1026, 96 S.Ct. 470, 46 L.Ed.2d 400 (1975), plaintiff filed four (4) successive suits against the City of Moss Point claiming that the City refused to hire her as a fire fighter because of her sex. The first three suits were brought pursuant to Title VII of the Civil Rights Act. *Id.* Plaintiff's first suit was dismissed with prejudice. *Id.* The second and third suits were consolidated and decided in favor of the City by summary judgment on the grounds that plaintiff failed to meet the timely filing requirements of Title VII. *Id.* After

an unsuccessful attempt to amend her consolidated action to add a 42 U.S.C. § 1983 claim, plaintiff appealed the ruling of the district court to the Fifth Circuit Court of Appeals. *Id.* The Fifth Circuit affirmed the lower court's granting of summary judgment as well as the court's denial of plaintiff's proposed amendment in the consolidated cases. *Id.* Plaintiff thereafter filed her fourth suit advancing an additional theory for recovery under § 1983. *Id.* The district court dismissed the action on the grounds that the judgment in the consolidated cases barred the fourth action. *Id.* Affirming the district court's ruling, the Fifth Circuit delineated the standards for the application of res judicata:

> The test to be applied is settled in our circuit: "For a prior judgment to bar action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases."

*Stevenson v. International Paper Co.,* 516 F.2d 103, 108 (5th Cir. 1975), *citing Nilsen,* 701 F.2d at 559.

Inasmuch as the last prong of the test was at issue in *Nilsen,* the Fifth Circuit provided guidance for the determination of what constituted the same cause of action: "This Court has

8

recognized that the principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action." *Stevenson v. International Paper Co.,* 516 F.2d 103, 109 (5th Cir.1975), *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir.1979).

In addition, it is black-letter law that *res judicata,* by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). And it is equally settled that one who has a choice of more than one remedy for a given wrong, may not assert them serially, in successive action but must advance all at once. *Id.*

It is undisputed that the judgment in *IHOP I* was rendered by a court of competent jurisdiction. Nor can it be disputed that the Court's granting of summary judgment for and subsequent dismissal in *IHOP I* was a judgment on the merits. *See Federated Department Stores,* 452 U.S. 394, 399, n. 3, 101 S.Ct. 2424, 2428, n. 3, 69 L.Ed.2d 103 (1981) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is judgment on the merits). The time for appealing the judgment under FRAP 4 has long passed. Thus, the element that the judgment be final and on the merits is satisfied. *(IHOP I,* Civil Action Number 07-2869 Rec. Doc. No. 105). The Court is faced with the dispositive

issues of whether the parties are identical in *IHOP I* and *IHOP II* *and whether* under the *Nilsen* tests, *IHOP I* and *IHOP II* involved the same cause of action or whether *IHOP II could have been brought* in support of the cause of action then pending before the Court in *IHOP I*.  There is no objection that the former action includes parties not joined in the present action or vice versa. However, so long as the judgment is rendered on the merits, the cause of the action is the same and the party against whom the doctrine is asserted was a party to the former litigation Res Judicata operates to bar a subsequent action against parties to a prior action.  *Robinson v. The National Cash Register Company,* 808 F.2d 1119, 1131 (5th Cir. 1987)(naming additional plaintiff and defendant in second suit irrelevant); *See also Shields v. Allstate Insurance Company,* 2008 WL 3884326 *2 (E.D. La. 2008)(Plaintiff cannot, merely by adding parties, diminish the effect of a prior suit against parties with whom the plaintiff has litigated issues to final judgment).  Plaintiffs do not address this key point.

Both *IHOP I* and *IHOP II* complaints are essentially identical to the complaint in the prior suit.  The differences in the *IHOP I* and *IHOP II* complaint include the addition of McGivney and Dowdell as Plaintiffs, the removal of Title VII race discrimination claim, and the addition of a claim for state law torts.  Both complaints allege that Plaintiffs were discriminated

against during their employment at the Convington, Louisiana IHOP restaurant by a former manager, Ahab Mohamed.

Both suits challenge the conduct of defendants in allegedly harassing Plaintiffs during their employment, and then retaliating against them by firing Plaintiffs after repeated complaints. However, some of the theories under which Plaintiffs seeks recovery differs. *See, Ocean Drilling,* 799 F.2d at 217; *United Home,* 716 F.2d at 328-330; *Nilsen,* 701 F.2d at 560-562. Although it cannot be fairly said that *IHOP I* advanced the age discrimination theory of the case which is alleged in *IHOP II,* this does not mean that res judicata is inapplicable. *Ocean Drilling,* 799 F.2d at 216. Res judicata or claim preclusion bar all claims that were or could have been advanced in support of the cause of action adjudicated in *IHOP I,* not merely those that were actually adjudicated. *Nilsen,* 701 F.2d at 560; *United Home,* 716 F.2d at 328; *see also, Aerojet-General Corporation v. Askew,* 511 F.2d 710 (5th Cir. 1975).

The fact that the complaint in this case no longer includes a Title VII race discrimination claim and adds state law tort claims and two new plaintiffs is a change in the type of relief requested and or/legal theories, and the state law claims could have been raised in the prior suit. In this case, it is undisputed that the claims of Matthews and McGee in *IHOP I* and *IHOP II* arise out of the same nucleus of operative facts. Thus,

the same claim or cause of action element is satisfied.

Plaintiffs assert that Defendants waived their Res Judicata defense when they did not appeal the Court's ruling in *IHOP I* denying consolidation. (*IHOP I*, Civil Action No. 07-2869 Rec. Doc. No. 75). One motivating principle behind claim preclusion is waiver. If a party does not raise a claim or a defense in the prior action, that party thereby waives its right to raise that claim or defense in the subsequent action. As the Fifth Circuit has previously stated: "[T]he effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial." *Kaspar Wire Works, Inc. v. Leco Engineering & Mach. Inc.*, 575 F.2d 530, 535 (5th Cir. 1978); see also *Allen v. McCurry*, 449 U.S. 90, 94 (1980)(holding that claim preclusion applies to claims that "were or could have been raised" in a prior action that involved "the parties or their privies" when the prior action had been resolved by "a final judgment on the merits.").

However, Defendants did raise this defense in the prior suit by stating "Plaintiffs' Motion to Consolidate is an issue left to the sound discretion of this Court." (*IHOP I*, Civil Action No. 07-2869, Rec. Doc. No. 69). The response memorandum filed by Defendants further stated that the *IHOP II* suit had potential Res Judicata application. (*IHOP I*, Civil Action No. 07-2869, Rec.

12

Doc. No. 69). Thus, the Defendants did not waive potential Res Judicata defenses in *IHOP I* or *IHOP II*.                              **C.**

**C. Issue Preclusion**

Res Judicata also encompasses a separate preclusive doctrine, collateral estoppel or issue preclusion. *St. Bernard Citizens for Environmental Quality Inc. V. Chalmette Refining, LLC,* 500 F.Supp.2d 592, 603 (E.D. La. 2007). Three elements are required: (1) the issue at stake must be identical to the one involved in the earlier action; (2) the issue must be actually litigated in the prior action; and (3) the determination of the issue in the prior action must be a necessary part of the judgment in that action. *Id.* Moreover, issue preclusion, unlike res judicata, does not require mutuality between the parties in the prior action and the parties in the subsequent action. *Vastar Resources, Inc. V. Popich Borthers Water Transport, Inc.,* 920 F.Supp. 694, 695 (E.D. La. 1995). Issue preclusion applies to summary judgment including summary judgment granted for failure to state a claim which is a judgment on the merits. *Langston v. Ins. Co. Of North America,* 827 f.2d 1044, 1047 (5th Cir. 1987); *Ash v. Guajardo,* 72 Fed. Appx. 143, 144 2003 WL 21849924 *2 (5th Cir. 2003). In *IHOP I*, the Court converted the

IHOP entities' Motion to Dismiss and proceeded to rule on the matter as a Motion for Summary Judgment.  (*IHOP I*, Civil Action No. 07-2869 Rec. Doc. No. 105).

Plaintiffs argue that issue preclusion does not apply because the issue of whether the IHOP companies were an employer of Matthews and McGee and the exhaustion of remedies issue was not "fully litigated" in *IHOP I*.  However, one of the primary findings made by the Court in granting Summary Judgment in *IHOP I* is that the IHOP Entities are not the employer of Matthews and McGee for purposes Title VII and 42 U.S.C. § 1981 claims. (*IHOP I*, Civil Action No. 07-2869 Rec. Doc. No. 105., Pp. 8-12).  In addition, the Court found that McGee had failed to exhaust her administrative remedies before the EEOC on her Title VII sex discrimination claim.  (*IHOP I*, Civil Action No. 07-2869 Rec. Doc. No. 105. Pp. 12-15).  Also, the Court in *IHOP I* found that the 42 U.S.C. 1985 claim failed to state a claim for relief.  07-2869 Rec. Doc. No. 105. Each of these issues are before the Court again in *IHOP II* because the exact same claims are alleged.  The Court finds that there are identical issue at stake.

The Court finds that the actually litigated element is also satisfied.  This element is met where the Plaintiff has had a full and fair opportunity to litigate the issues in the prior suit.  *Ash,* 72 Fed. Appx. At 145.  The facts demonstrate that Matthews and McGee had a full and fair opportunity to litigate

14

these issues. It is also undisputed that these issues were a necessary part of the Court's ruling and subsequent judgment in *IHOP I*. Thus, the third, and final element of Issue Preclusion has been satisfied.

### 1. Issue Preclusion Regarding Title VII Sex Discrimination Claim

As set forth above, in *IHOP I*, the Court dismissed McGee's Title VII sex discrimination claim on the issue of failure to exhaust administrative remedies. (*IHOP I*, Civil Action No. 07-2869 Rec. Doc. No. 105). Issue preclusion is likewise available to them as against the Title VII claim of McGee in *IHOP II*. This is true since the mutuality of parties is not required for issue preclusion, and thus J&K and Sbih as non-parties in a prior suit can use issue preclusion in a subsequent suit against the party who lost on the decided issue in the first suit. *Francisco v. Stolt- Nielsen, S.A.*, 2002 WL 31697700 *3 (E.D. La. 2002); *McAuslin v. Grinnell Corporation*, 2000 WL 1059850 *6 (E.D. La. 2000).

### 2. Issue Preclusion and Limitations Regarding 42 U.S.C. § 1985 claim

The required elements of issue preclusion likewise apply to the dismissal of the 42 U.S.C. § 1985 claim in favor of J&K and Sbih in *IHOP I.* In addition, it is established that a claim under 42 U.S.C. 1985 is subject to Louisiana's one year prescriptive period for personal injury suits. *Clifford v.*

15

*Gibbs,* 298 F.3d 328, 332 (5th Cir. 1993); *Mitchell v. Crescent River Port Pilot's Assocation,* 515 F.Supp.2d 666, 674-75 (E.D. La. 2007). The last possible dates of alleged discrimination for Mathews and McGee occurred in February and November 2005 when their employments terminated. (Complaint, para. 27, 49). Since the dismissal of J&K and Sbih without prejudice in *IHOP I* did not toll or suspend any limitations, the claim under 42 U.S.C. § 1985 is untimely. *Johnson v. Carrier Corp.*, 264 F.3d 1141 (5th Cir. 2001); *Lambert v. U.S.*, 44 F.3d 296 (5th Cir. 1995); *Hawkins v. McHugh*, 46 F.3d 10, 10 (5th Cir. 1995)(holding that dismissal without prejudice in a § 1983 case did not toll the statute of limitations period under Louisiana law). The Court also finds that there is no continuing violation shown to exist here.

**3. Issue Preclusion Regarding 42 U.S.C. § 1981 Claim**

In *IHOP I*, in regards to Matthews, the Court dismissed the 42 U.S.C. § 1981 race discrimination claim on the issue of no evidence of intent to discriminate. The elements of issue preclusion apply because the identical claim under 42 U.S.C. § 1981 has been alleged in this case and therefore the issue of intent to discriminate is identical. Without making this finding on a required element of the claim summary judgment could not have been granted and thus the issue was also a necessary part of the judgment even if it was an alternative finding.

16

In addition, the Court finds that Mcgee has failed to state a claim for relief under 42 U.S.C. § 1981. A review of the complaint shows that no facts are alleged to support a race discrimination claim for McGee. The only facts alleged relate solely to the sex discrimination claim. (Complaint, para 28-32, 57-67). It is established that 42 U.S.C. § 1981 does not apply to claims of sex discrimination. *Bobo v. ITT Continental Baking Company,* 662 F.2d 340, 342 (5th Cir. 1981). Plaintiff argues that McGee specifically pleads her race in Paragraph 2, stating that she is an "African American Female," but the paragraphs in the complaint that state Ehab Ahab Mohamed "began a pattern and practice of racial discrimination toward African Americans," and frequently used the word "Nigger" is not directed toward McGee's complaints against Mohamed which are contained in paragraphs 28-37 of the complaint. The claim for race discrimination incorporates the sex discrimination allegations for McGee and contains no fact allegations of race discrimination in regards to McGee specifically. Accordingly, McGee fails to state a claim upon which relief can be granted for race discrimination under 42 U.S.C. § 1981.

**D. McGivney's Title VII Claim for Sex Discrimination**

McGivney's Title VII claim for sex discrimination is untimely. The claim for sex discrimination was not perfected for a Charge of Discrimination until February 14, 2008. The Charge

17

of Discrimination identifies August 31, 2006 as the last possible date of discrimination.  Defendants' exhibit, 2-A Doucet Declaration.  A Title VII plaint has 300 days from the act of alleged discrimination to file a charge with the EEOC.  *McNealy v. Emerson Electric Company,* 306 F.Supp.2d 613, 618 (M.D. La. 2004).  McGiveny's perfected Charge of Discrimination was filed with the assistance of her attorney approximately a year and a half after the date of alleged discrimination.  The Court finds that McGiveny's sex discrimination claim under Title VII must be dismissed.

Plaintiff incorrectly argues that the various questionnaires which were faxed to the EEOC on April 12, 2007 are a perfected charge.  (*IHOP I*, Civil Action No. 07-2869 Rec. Doc. No. 105).  In *IHOP I*, the Court found that regardless of whether McGee's questionnaire satisfied the minimum regulatory criteria, notice to the employer and the EEOC administrative action are required before a questionnaire will suffice as a formal charge.  *See Harris v. Honda,* 213 Fed. Appx. 258, 262 (5th Cir. 2006)(questionnaire not a "charge" where no notice to employer).

McGivney's EEOC records show that the questionnaires faxed on April 12, 2007 were not considered a perfected charge by the EEOC nor did the EEOC initiate administrative proceedings based on the questionnaires.  While Plaintiffs argue that Defendants had notice of this charge, we find otherwise.  Only after

McGiveny was interviewed on August 28, 2007 did the EEOC send a first notice to J&K on October 4, 2007 advising that a perfected charge would follow. McGiveny signed a charge on December 7, 2007, and but it was not filed with the EEOC until February 14, 2008, with an attachment signed by McGivney stating that she intended to file a Charge of Discrimination. The facts show that the EEOC did not consider the questionnaires faxed on April 12, 2007 to be a perfected charge of Discrimination. McGivney was represented by counsel during the entire EEOC proceeding.

Any alleged harassment occurring prior to June 16, 2006, which is the 300th day before April 2, 2007, would be time barred. There is no evidence when any of the alleged harassment occurred, or that any harassment occurring after June 16, 2006 was persuasive. *Septimus v. University of Houston*, 399 F.3d 601, 611 (5th Cir. 2005). Moreover, Defendants requested in written discovery that McGivney specify each alleged incident and dates on which they occurred. McGivney did not provide this important information.

### E. Dowdell's ADEA Claim is Untimely

In regards to Dowdell's ADEA claim, a claimant must file suit within 90 days of receipt of a right to sue letter from the EEOC. *St. Louis v. Texas Workers Compensation Commission,* 65 F.3d 43, 47 (5th Cir. 1995). The 90 day period begins to run on receipt of the right to sue letter by either the claimant or the

19

claimant's counsel.  A three or five day presumption of receipt is applied.  *Deluane v. Kergan Bros. Inc.,* 2006 WL 1968896 *2 (E.D. La.).  The facts establish that the EEOC mailed a Notice of Right to Sue to Dowdell and her attorney on February 19, 2008.  The complaint in *IHOP II* was filed on May 29, 2008.  Applying either the three or five day presumption, the Notice of Right to Sue was received by Dowdell and/or her attorney between February 22 and 24, 2008.  The 90th day after February 24, 2008 was May 24, 2008.  Since the Complaint in this case was not filed until May 29, 2008, Dowdell's ADEA claim is untimely and time barred.

Plaintiffs should have filed a timely appeal in *IHOP I* or sought leave to amend the complaint in that action to address pertinent issues.  Instead, they filed a new complaint that is subject to the application of Res Judicata/Issue Preclusion principles and time barred by facts and law referenced above.

New Orleans, Louisiana on this 15th day of January 2010.

United States District Judge